IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:24CR00388 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| WILLIE L. FORTNER, | ) | **UNITED STATES' SENTENCING** |
| | ) | **MEMORANDUM FOR DEFENDANT** |
| Defendant. | ) | **WILLIE L. FORTNER** |
| | ) | |
| | ) | |

The United States of America, by and through its counsel, David M. Toepfer, United States Attorney, and Brenna L. Fasko, Assistant United States Attorney, respectfully requests that the Court impose a sentence on Defendant Willie Fortner ("Fortner") consistent with the Plea Agreement negotiated by the parties. In addition, the United States requests that the Court order him to pay restitution in the amount of $6,039.75. The United States believes that this sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in 18 U.S.C. § 3553.

I. **APPLICABLE LEGAL STANDARDS**

A well-established legal framework guides the Court's sentencing determination. The advisory Guidelines range serves as "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007); *see also United States v. Collington*, 461 F.3d 805, 807 (6th Cir. 2006). The Guidelines thus remain an indispensable resource for assuring appropriate and uniform punishment for federal criminal offenses. The Sentencing "Commission fills an important institutional role: It has the capacity courts lack to 'base its determination on empirical data and national experience, guided by a professional staff with appropriate expertise.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (internal citation omitted).

After determining the appropriate Guidelines range, the Court then turns to the familiar factors set forth in 18 U.S.C. § 3553(a).

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     OFFENSE CONDUCT

To support its sentencing position, the United States offers the following summary of the facts. The PSR and the factual basis from the parties' plea agreement also include a description of Fortner's offense conduct. (R. 108: Revised Final PSR, PageID 608-10; R. 64: Plea Agreement, ¶ 22, PageID 219-223).

In October and November 2019, Defendant Fortner and his co-conspirators discovered that two banks in the Mansfield, Ohio area — Richland Bank and Firelands Federal Credit Union — made deposited funds available for withdrawal immediately upon deposit after banking hours. Defendant Fortner and his co-conspirators exploited this discovery by depositing fraudulent checks and empty bank envelopes at area ATMs after hours. (R. 108: PSR, ¶ 7). After making these fraudulent deposits, the co-conspirators would then withdraw funds at the ATM or using the cashback option at area grocery stores. (*Id.*). This was done before the banks could verify the validity of these deposits. (*Id.*). This scheme totaled $55,830.97 in fraudulent deposits. (*Id.*).

Fortner's role in this conspiracy was to recruit bank account holders, who would allow him and his co-conspirators to make these fraudulent deposits into their accounts. (*Id.* at ¶ 9). He would obtain their debit cards and personal identification numbers ("PIN") and thereafter make the deposits. (*Id.*). He then withdrew funds either directly at the ATM or a nearby grocery store using their PINs. (*Id.* at ¶ 13-20). In addition, he, along with co-conspirators Bond and Chatman, created fraudulent checks using Chatman's paycheck as a template. (*Id.*). In total, Fortner was responsible for $19,191.47 in fraudulent deposits — over a third of the conspiracy's

total. (*Id.* at ¶ 22). Fortner did not withdraw this entire amount, and the victim bank was able to offset or otherwise stop payment on some of these deposits. Accordingly, of this $19,191.47 in fraudulent deposits, the victim bank sustained an actual loss of $6,039.75 because of Fortner's conduct. (*Id.* at ¶ 23).

    B.    <u>PROCEDURAL HISTORY</u>

On October 17, 2024, the Grand Jury returned an indictment charging Fortner with Conspiracy to Commit Bank Fraud, a violation of 18 U.S.C. § 1349 (Count One), Bank Fraud, a violation of 18 U.S.C. § 1344(2) (Counts Three, Seven, Thirteen, Twenty-One, and Twenty-Five), and Access Device Fraud, a violation of 18 U.S.C. § 1029(a)(2) (Counts Two, Six, Twelve, Twenty, and Twenty-Four). (R. 1: Indictment, PageID 1-24).

On April 15, 2025, Fortner plead guilty to Counts One, Three, Seven, Thirteen, Twenty-One, and Twenty-Five of the Indictment, pursuant to a written plea agreement.[1] Pretrial Services issued the final Presentence Investigation Report ("PSR") on July 18, 2025. (R. 91: PSR, PageID 393-417). A revised final PSR was issued on September 16, 2025. (R. 108: Revised PSR, PageID 603-27). He is scheduled for sentencing on September 23, 2025.

**III.**    <u>SENTENCING GUIDELINES COMPUTATION</u>

The United States concurs with the Guidelines calculations set forth in the PSR. The final PSR calculated a final offense level of 9, based upon the following calculations:

| Base Offense Level | 7 | §2B1.1(a)(1) |
|---|---|---|
| Specific Offense Characteristic (Loss Amount more than $15,000, but less than $40,000) | +4 | §2B1.1(b)(1)(C) |
| Acceptance of Responsibility | -2 | §3E1.1(a) |

---

[1] The Plea Agreement specifies that the Government will move to dismiss Counts 2, 8, 12, 20 & 24 of the Indictment at Sentencing. (R. 64: Plea Agreement, Page ID 215). However, Count 8 it is not asserted against Fortner. Rather, the Government will be moving to dismiss Count 6, rather than 8, at sentencing.

| Total Offense Level | 9 | |
|---|---|---|

(R. 108: PSR, ¶¶ 28-36, PageID 601-611).  These calculations are consistent with those contained in the Plea Agreement.  (R. 64: Plea Agreement, PageID 217).

The PSR also calculated Fortner as having a criminal history category of III.  (R. 108: PSR, ¶45, PageID 613).  Based upon a total offense level of 9, with a criminal history category of III, the PSR calculated a Guidelines sentencing range of 8-14 months.  (*Id*. at ¶ 77, PageID 619).  Fortner is not eligible for probation because this is a Class B Felony.  (*Id*.).  However, because this Guidelines falls within Zone B of the Sentencing Table, the Court has the option under Guideline § 5C1.1(c)(2) to have the sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one month is satisfied by imprisonment.  (*Id*.).  *See also* U.S.S.G. § 5C1.1(c)(2).

## IV. **RESTITUTION**

The relevant conduct for this conspiracy totaled $55,830.97 in fraudulent deposits.  (R. 108: PSR, ¶ 7).  Fortner was directly responsible for $19,191,47 of these deposits.  (*Id.*, ¶ 22).  However, Fortner did not withdraw the full $19,191,47, and the victim bank was able to offset or otherwise stop payment on some of these checks.  Accordingly, of this $19,191,47, the victim bank sustained a loss of $6,039.75.  (*Id.*, ¶ 23).  Accordingly, the United States is seeking restitution in the amount of $6,039.75.  While this amount is less than what is listed in the Plea Agreement, it is based upon updated victim information.  (*See* R. 64: Plea Agreement, ¶ 24, PageID 223).

The United States requests that this restitution amount be ordered jointly and severally with Fortner's co-defendants.  Restitution to the victims is supported by the Guidelines and the

law.  *See* U.S.S.G. § 5E1.1; 18 U.S.C. § 3663(a)(3).  The United States requests that the Court order restitution in the amount of $6,039.75, jointly and severally, as follows:

| Victim | Address | Total Amount |
|---|---|---|
| Park National Bank | Park National Bank PO Box 1270 Mt. Vernon, OH 43050 | $6,039.75 |

V.      **GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all the information before the Court, the United States respectfully requests that the Court sentence Fortner to a term of imprisonment consistent with the sentencing range contemplated by the Plea Agreement.  Specifically, the United States requests that the Court sentence Fortner to three months imprisonment, followed by five months of home detention with work privileges, pursuant to U.S.S.G. § 5C1.1(c)(2).  In addition, the United States requests the Court impose a three-year period of supervised release, along with requirements to complete both mental health counseling, substance abuse treatment, and a requirement to complete his GED.

The United States submits that this recommended sentence adequately reflects those statutory factors to be considered under 18 U.S.C. § 3553 (a), particularly (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant;(3) the need for the sentence imposed-to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (4) to afford adequate deterrence to criminal conduct; and (5) to protect the public from further crimes of the defendant.  *See* 18 U.S.C. § 3553 (a).

With respect to nature and circumstances of the offense, this offense resulted in not only financial loss to the victim banks, but also was brazen and pervasive.  Over a one-month period, the conspirators made at least thirteen different fraudulent deposits.  Fortner himself was directly involved the second most fraudulent deposits, in comparison with his co-conspirators.  He

5

expanded the conspiracy by convincing account holders to turn over their PIN numbers and debit cards to make the fraudulent deposits.  Fortner further expanded this conspiracy by creating and making fraudulent checks, using a co-conspirator's paycheck.  Fortner was also caught on grocery store surveillance footage, using the cash-back option to obtain funds that were not his to take.  He did this all for his own financial gain.

Fortner's history and characteristics also supports this requested sentence.  Fortner's criminal history indicates his crime of choice is theft.  He stole a vehicle in 2015.  In 2019, he was discovered with a credit card skimmer.  In 2020, he attempted to make a purchase with a stolen credit card.  Most recently, he was convicted in Franklin County after being found in possession with multiple credit cards, as well as a blank business check.  Prior sentences of probation have provided no deterrence.

Accordingly, a sentence with some period of incarceration is not only statutorily mandated but will reflect the seriousness of this offense and provide deterrence.  The United States is hopeful that following this case, Fortner will understand that he cannot come up with a "get rich quick" scheme that involves the taking of money, credit cards, and checks which are not his.  The United States submits that a 3-month period of incarceration will deter Fortner from ever attempting a similar scheme again, and that an extended period of supervised release will provide him with the tools he needs to make better decisions.

In sum, Fortner brazenly took advantage of the victim banks and recruited many others to participate in this scheme.  He had no qualms about taking thousands of dollars that were not his.  This justifies a sentence of three months imprisonment, followed by five months of home detention with work privileges.

## VI. CONCLUSION

For the reasons explained above, and those advanced at the sentencing hearing, the United States respectfully requests this Court sentence Fortner to three months imprisonment, followed by five months of home detention with work privileges, pursuant to U.S.S.G. § 5C1.1(c)(2). The United States further requests the Court impose an order to pay restitution in the amount of $6,039.75.

                                          Respectfully submitted,

                                          DAVID M. TOEPFER
                                          United States Attorney

                       By:   /s/ Brenna L. Fasko
                               Brenna L. Fasko (OH: 0084897)
                               Assistant United States Attorney
                               United States Court House
                               801 West Superior Avenue, Suite 400
                               Cleveland, OH 44113
                               (216) 622-3855/3967
                               (216) 522-2403 (facsimile)
                               Brenna.Fasko@usdoj.gov